UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR JOHN HRABAL, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. EDCV 13-1397 JC <br><br> MEMORANDUM OPINION AND ORDER OF REMAND |

## I.  SUMMARY

On August 9, 2013, plaintiff Victor John Hrabal ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; August 16, 2013 Case Management Order ¶ 5.

///
///

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On March 23, 2010, plaintiff filed an application for Disability Insurance Benefits. (Administrative Record ("AR") 9, 106). Plaintiff asserted that he became disabled on January 5, 2010, due to degeneration of cervical intervertebral disc, psoriatic arthritis, gout, hyperlipidemia, chronic kidney disease (stage 2, mildly decreased GFR), carpal tunnel syndrome, and psoriasis. (AR 126-27). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on May 16, 2012. (AR 23-40).

On May 29, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 9-18). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease and psoriatic arthritis (AR 11); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 12-13); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(a)) with additional limitations[1] (AR 13); (4) plaintiff could not perform his past relevant work (AR 16); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform,

---

[1]The ALJ determined that plaintiff: (i) could lift and carry 20 pounds occasionally and 10 pounds frequently; (ii) could stand and/or walk two hours in an eight-hour day, but in one-half hour intervals; (iii) could sit six hours in an eight-hour day; (iv) needed to avoid unprotected heights and dangerous machinery; (v) could not work in prolonged sunlight; (vi) could not walk on uneven ground; (vii) needed to avoid vibration and ladders; (viii) could occasionally climb stairs and ramps; (ix) could occasionally stoop and bend; (x) needed to avoid power gripping and grasping with either hand; (xi) could occasionally lift to above-shoulder level; and (xii) could not work in jobs that require a person to maintain a fixed head position for more than five minutes at a time. (AR 13).

specifically order clerk and claims clerk I (AR 17); and (6) plaintiff's allegations regarding his limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 14).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III.   APPLICABLE LEGAL STANDARDS

### A.   Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)   Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2)   Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3)   Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///

  (4) Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five.

  (5) Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

  The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

  **B.** **Standard of Review**

  Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

  To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ improperly evaluated the credibility of his subjective complaints. (Plaintiff's Motion at 9-20). The Court agrees. As the Court cannot find that the ALJ's error was harmless, a remand is warranted.

### A. Pertinent Facts

At the hearing, plaintiff testified to the following: (i) due to neck pain, plaintiff is essentially unable to engage in even sedentary work; (ii) he can read the paper for only 15 to 20 minutes at a time and then he needs to sit in a recliner; (iii) it hurts to hold his neck still for even a short period of time; (iv) he takes Norco six times every day for pain; (v) he could lift "[p]robably five, ten pounds maybe" without hurting himself; (vi) he could not lift his arms above his head on a regular basis; (vii) at his last job he would miss work "about three days a month" due to his psoriatic arthritis; (viii) when asked if he could "lift [] up" his granddaughter (who weighs "more than five pounds"), plaintiff said "I probably could. I don't know. She's a little thing. She's very small."; and (ix) plaintiff's activities include reading the newspaper, "chopping things for dinner," watching sports on television, "walk[ing] down to the corner and back to get some exercise," "maybe" picking his daughter up from school, spending time with his five-year-old granddaughter (who lives with plaintiff's son), and watering plants (but no other yard work). (AR 28-35).

### B. Pertinent Law

An ALJ is not required to believe every allegation of disabling pain or other non-exertional impairment. Orn v. Astrue, 495 F.3d 625, 635 (9th Cir. 2007)

(citing Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)). "To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" Id. at 1036 (citations omitted). "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004).

To find a claimant not credible, an ALJ must rely either on reasons unrelated to the subjective testimony (*e.g.*, reputation for dishonesty), internal contradictions in the claimant's statements and testimony, or conflicts between the claimant's testimony and the claimant's conduct (*e.g.*, daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment). Orn, 495 F.3d at 636; Robbins, 466 F.3d at 883; Burch, 400 F.3d at 680-81; Social Security Ruling 96-7p. Although an ALJ may not disregard a claimant's testimony solely because it is not substantiated affirmatively by objective medical evidence, the lack of medical evidence is a factor that the ALJ can consider in his or her credibility assessment. Burch, 400 F.3d at 681.

Questions of credibility and resolutions of conflicts in the testimony are functions solely of the Commissioner. Greger, 464 F.3d at 972. Accordingly, if the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

**C.     Analysis**

Here, the ALJ found that plaintiff's statements concerning his subjective symptoms and limitations were "not credible to the extent they [were] inconsistent with the [ALJ's] residual functional capacity assessment." (AR 14). Nonetheless, the ALJ did not provide clear and convincing reasons for discounting plaintiff's credibility, and the Court cannot find that the ALJ's error was harmless.

First, in his decision, the ALJ said plaintiff's daily activities included, among other things, "shopping." (AR 14). The ALJ's statement, however, does not accurately characterize plaintiff's testimony since the record does not appear to contain (and the ALJ does not reference) any evidence that plaintiff had the ability to shop. Although the ALJ's incorrect characterization of plaintiff's testimony appears to be inadvertent, it nonetheless calls into question the validity of the ALJ's assessment of plaintiff's credibility and the ALJ's decision as a whole. See, e.g., Regennitter v. Commissioner of Social Security Administration, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); see also Valenzuela v. Astrue, 247 Fed. Appx. 927, 929 (9th Cir. 2007) (finding ALJ's credibility determination unsupported by substantial evidence where it was based in part on "inaccurate characterization" of claimant's testimony).

Second, the ALJ discounted the alleged severity of plaintiff's subjective symptom testimony as inconsistent with plaintiff's "somewhat normal level of daily activity and interaction." (AR 14). The ALJ's findings in this respect,

however, are not supported by substantial evidence. For example, although the ALJ wrote that plaintiff's daily activities include shopping, as noted above, the record contains no evidence that plaintiff would shop at all, much less on a daily basis. The ALJ also wrote that plaintiff would "go[] out alone." (AR 14). Plaintiff essentially testified, however, that at most he went out to "walk [] to the corner and back" for exercise and, on some days, to pick up his daughter up from school. (AR 30). The ALJ also wrote that plaintiff's daily activities included "performing household chores." (AR 14). Plaintiff only testified, however, that he would (with unspecified frequency) "chop[] things for dinner" and "[water] some plants." (AR 30-31). Plaintiff also testified that he would spend an unspecified amount of time with his five-year-old granddaughter (who lived with plaintiff's son). (AR 31). The Court cannot conclude that such minimal and, at times, sporadic activities reasonably reflect that plaintiff engaged in a "somewhat normal level of daily activity and interaction." Cf. Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) ("One does not need to be 'utterly incapacitated' in order to be disabled.") (citation omitted).

Nonetheless, even assuming that plaintiff retained the ability to carry on certain minimal activities of daily living, the ALJ did not find, nor does the record reflect, that such activities "consume[d] a substantial part of [plaintiff's] day," and thus such evidence does not constitute a clear and convincing reason for discounting plaintiff's credibility. See Vertigan, 260 F.3d at 1050 (citing Fair, 885 F.2d at 603).

Finally, the ALJ found that the objective medical evidence does not support plaintiff's subjective complaints. (AR 17). As detailed above, the ALJ did not provide any other clear and convincing reason for discounting plaintiff's credibility. Lack of objective medical evidence to support subjective symptom allegations cannot form the sole basis for discounting pain testimony. See Burch, 400 F.3d at 681.

The Court cannot conclude that the ALJ's error was harmless because it cannot "confidently conclude that no reasonable ALJ, when fully crediting the [plaintiff's] testimony, could have reached a different disability determination." Stout, 454 F.3d at 1055-56.  For example, plaintiff testified at the hearing that, among other things, he needed to rest after reading the newspaper for only 15 to 20 minutes, and that he had previously missed work "about three days a month" due to his psoriatic arthritis.  (AR 29, 35).  The vocational expert testified that there would be no work available if plaintiff (or a hypothetical individual with the same characteristics as plaintiff) "would be off task 20 percent of the time or more due to pain."  (AR 38).

Therefore, remand is warranted to permit the ALJ to reassess plaintiff's credibility.

## V.   CONCLUSION[2]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[3]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:  March 26, 2014

/s/
_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

[2]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate.

[3]When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated invalid reasons for rejecting a claimant's excess pain testimony).